SO ORDERED.

/s/ Alvin K. Hellerstein
September 7, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXSAM, INC.,<br><br>                    *Plaintiff*,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br>                    *Defendant*. | Case No. 1:21-cv-08116-AKH<br><br>JURY TRIAL DEMANDED |

**MOTION FOR LEAVE TO FILE UNDER SEAL
DEFENDANT AMERICAN EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY**

PLEASE TAKE NOTICE that, pursuant to this Court's Individual Rule 4B and S.D.N.Y. Electronic Case Filing (ECF) Rule 6, defendant American Express Travel Related Services Company, Inc. ("Amex") respectfully moves this Court for an Order granting it leave to redact and file under seal certain portions of its Motion for Summary Judgment of Non-Infringement and Invalidity, and supporting materials filed therewith.

Courts often grant motions to seal where the information sought to be filed under seal is of a confidential, proprietary, and sensitive nature. *See e.g., Uni-Systems, LLC v. USTA, Inc.*, No. 17 CV 147 (KAM) (CLP), 2018 WL 6179433, at *7 (E.D.N.Y. Nov. 27, 2018) (granting motion to file under seal where documents contained sensitive or proprietary technical information); *ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, No. 17-CV-6788-FPG-MJP, 2020 WL 6120348, at *6 (W.D.N.Y. Oct. 16, 2020) (granting motion to file under seal where documents "appear to contain propriety and sensitive technical information."). Amex's Motion discusses certain confidential, proprietary, and

sensitive technical documents, communications, and witness testimony describing the development, functionality, and operation of gift and prepaid debit card systems accused of infringing plaintiff AmexSam Inc.'s ("AlexSam") asserted patents-in-suit; messaging protocols and other technologies developed for securely processing financial transactions; and non-public, confidential business operations and relationships between Amex and third parties related to those systems.

The material Amex seeks to file under seal includes the expert report of AlexSam's technical expert witness Mr. Ivan Zatkovich analyzing the development, functionality, and operation the accused gift and prepaid debit card systems; deposition testimony of two Amex witnesses, one AlexSam witness, and two third-party witnesses concerning those systems and other internal, confidential, and proprietary business operations and relationships; and non-public correspondence between AlexSam and Amex concerning the parties' resolution of a prior dispute.

Pursuant to this Court's Individual Rule 4B, Amex is publicly filing redacted versions of its Memorandum of Law and Rule 56.1 Statement of Material Facts along with copies of the non-confidential exhibits thereto. At the same time, Amex is filing under seal unredacted copies of the Memorandum of Law and Rule 56.1 Statement of Material Facts with the redactions highlighted, along with copies of the complete set of confidential and non-confidential exhibits.

Pursuant to Individual Rule 4B, Amex met-and-conferred concerning this motion to seal with plaintiff AlexSam, the other defendants to the Texas litigation from which this case was severed and transferred (Simon Property Group, Blackhawk Network, and U.S. Bank), and two third parties that were deposed concerning the development, function, and operation of the accused card systems (SAP and GK Software). Simon Property Group indicated that certain portions of the infringement expert report, one Amex witness deposition transcript, and two third-party witness deposition transcripts contain its confidential information that should be filed under seal. Defendants

Blackhawk Network and U.S. Bank, and third parties SAP and GK Software, indicated that they do not intend to request redaction or sealing of specific information. Other than noting that the exhibits Amex is seeking to file under seal were designated under the protective ordered entered in this case prior to the transfer, plaintiff AlexSam did not identify any specific information it contends is confidential and should be redacted or sealed. AlexSam also indicated that it disagreed with Amex filing the relevant exhibits in connection with Amex's Motion. *See* Ex. 1 (September 1, 2022 Email re Motion to Seal) at 1-3.

Dated: September 2, 2022                                       Respectfully submitted,

                                                  */s/ Lewis Popovski*
                                                Lewis Popovski
                                                Ryan J. Sheehan
                                                George Soussou
                                                PATTERSON BELKNAP WEBB & TYLER LLP
                                                1133 Avenue of the Americas
                                                New York, NY 10036
                                                Telephone: (212) 336-2000
                                                Facsimile: (212) 336-2222
                                                lpopovski@pbwt.com
                                                rsheehan@pbwt.com
                                                gsoussou@pbwt.com

                                                **Attorneys for Defendant American Express**
                                                ***Travel Related Services Company, Inc.***

4

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record for plaintiff who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 2, 2022.

                                                       /s/ *Lewis Popovski*
                                                       Lewis Popovski